# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE G. CHOATE,<br><br>  Plaintiff,<br><br>  v.<br><br>KINGS COUNTY SHERIFF, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00473-SKO (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>(Doc. 1)<br><br>TWENTY-ONE (21) DAY DEADLINE |

Plaintiff, George G. Choate, is in custody at the Kings County Jail, and is proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The exhaustion requirement applies to all suits relating to custodial life, *Porter v. Nussle*, 435 U.S. 516 (2002), regardless of the relief sought by those in custody or offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Plaintiff checked the boxes in the Complaint indicating that there was no administrative remedy available at the jail, and that he had not submitted a request for administrative relief which was pursued to the highest level on any of the claims he raises in this action. (Doc. 1, pp. 3-4.) Plaintiff attempted to explain his failure to submit or appeal a request for administrative relief at any level on his claims by stating "It involves my county not the prison," (*id.*, p. 3), and

1

indicates that it is a "county issue," (*id.*, p. 4). However, the Kern Detentions Bureau, which includes the Kern County Jail, has formulated policies for inmates to file grievances for administrative relief which must be exhausted prior to the filing of an action under § 1983. Specifically, Kern Detentions Bureau Policy No. I200, sets forth the process and the proper use of forms to exhaust administrative remedies for those persons in custody. Plaintiff's indication that there is no grievance process at the Kern County Jail is therefore incorrect.

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Inmates must adhere to the "critical procedural rules" specific to the facility's inmate appeal and administrative relief process. *Reyes v. Smith,* 810 F.3d 654, 567 (9th Cir. 2016). Plaintiff may not proceed in this action without first having exhausted the administrative relief process on his claims at the Kern County Jail. Given Plaintiff's admitted failure to file an administrative grievance on his claims in this action, Plaintiff appears to have filed suit without first exhausting available administrative remedies in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. **Plaintiff is warned that failure to timely respond to this order will result in recommendation that this action be dismissed for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: __**July 30, 2019**__                              /s/ *Sheila K. Oberto*
                                                                                              UNITED STATES MAGISTRATE JUDGE