1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE G. CHOATE,                          1:19-cv-00473-SKO (PC)

12                  Plaintiff,                   FINDINGS AND RECOMMENDATION TO
                                                 DISMISS ACTION
13          v.
                                                 (Doc. 10)
14   KINGS COUNTY SHERIFF, et al.,

15                  Defendants.                  14-DAY DEADLINE

16                                               Clerk of Court to Assign a District Judge

17

18

19                                    **FINDINGS**

20          Plaintiff George G. Choate is proceeding *pro se* and *in forma pauperis* in this civil rights

21   action. On July 30, 2019, the Court issued an order to show cause why this action should not be

22   dismissed for Plaintiff's failure to exhaust administrative remedies prior to filing suit. (Doc. 10.)

23   The Court ordered Plaintiff to file his response within 21 days and indicated that failure to

24   comply would result in a recommendation that this action be dismissed for failure to obey a court

25   order. (*Id.* at 2.) On August 9, 2019, the United States Postal Service (USPS) returned the Court's

26   order as undeliverable. Although more than two months have passed, Plaintiff has failed to update

27   his address with the Court.

28          As stated in the Court's First Informational Order, (Doc. 3), a *pro se* plaintiff must keep

the Court and opposing parties informed of her correct address. Local Rules 182(f), 183(b). If a party moves without filing and serving a notice of change of address, documents served at the party's old address of record shall be deemed received even if not actually received. Local Rule 182(f). If mail directed to a *pro se* plaintiff at the address of record is returned by the USPS, and the plaintiff fails to notify the Court of her current address within 63 days thereafter, the Court may dismiss the action for failure to prosecute. Local Rule 183(b).

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. Whether Plaintiff has done so mistakenly or intentionally is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules, which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

## RECOMMENDATION

Based on the foregoing and the reasons stated in the Court's July 30, 2019 order, (Doc. 10), the Court **HEREBY RECOMMENDS** that this action be dismissed for failure to prosecute and for failure to exhaust administrative remedies. The Clerk of the Court is **directed** to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District

2

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 4, 2019**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE