UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE G. CHOATE,<br><br>        Plaintiff,<br><br>    v.<br><br>KINGS COUNTY SHERIFF, et al.,<br><br>        Defendants. | 1:19-cv-00473-LJO-SKO (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF FIRST INFORMATIONAL ORDER<br><br>(Docs. 3, 13) |

On November 20, 2019, Plaintiff George G. Choate filed a letter with the Court. (Doc. 13.) In the letter, Plaintiff asks how to obtain a lawyer, among other questions, and states that he lost the "response paperwork that was sent to [him] after [he] filed the lawsuit." (*Id.*)

As an initial matter, the Court generally disregards or strikes letters to the Court. (*See* Doc. 3 at 2.) If Plaintiff seeks an order from the Court, he must file a motion, not a letter. *See* Fed. R. Civ. P. 7(b). In addition, the Court cannot provide legal advice to a party. *Hastings v. Gipson*, No. 1:14-cv-01271-LJO-EPG (HC), 2016 WL 4943976, at *2 (E.D. Cal. 2016). To the extent that Plaintiff seeks legal advice or materials, the Court **DENIES** the request.

Second, plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Id.* at 1525. The Court declines to do so here, absent a showing by motion of exceptional circumstances.

Finally, the Court assumes that, by "response paperwork sent … after [he] filed the lawsuit," Plaintiff means the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, (Doc. 3). To the extent that Plaintiff seeks a second copy of the order, the Court **DIRECTS** the Clerk's Office to send Plaintiff a copy, (Doc. 3).

As set forth above, if Plaintiff makes future requests of the Court, he must file a motion pursuant to Federal Rule of Civil Procedure 7.

IT IS SO ORDERED.

Dated: **December 2, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE