UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE G. CHOATE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. FOWLER, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00473-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT NAJM'S MOTION TO DISMISS**<br><br>(Doc. 28)<br><br>14-DAY DEADLINE<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 29) |

Plaintiff George G. Choate raises claims of excessive force against Defendants Fowler and Najm in his operative, first amended complaint. (Doc. 20; *see also* Doc. 22.) Before the Court is Defendant Najm's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 28.) For the reasons set forth below, the Court recommends that the motion be granted and that Defendant Najm be dismissed from this action.

**I.　BACKGROUND**

Defendant Najm ("Defendant") filed his motion to dismiss on the grounds that Plaintiff's first amended complaint (Doc. 20) fails to allege sufficient facts to state a cognizable claim against him. (*See* Doc. 28-1 at 3-4.) Although defense counsel's office served the motion on Plaintiff (*see id.* at 5), Plaintiff failed to file an opposition or a statement of non-opposition to the

motion within 21 days in accordance with Local Rule 230(l). Therefore, the Court issued an order to show cause why this action should not be dismissed for Plaintiff's failure to prosecute. (Doc. 29.)

On July 10, 2020, Plaintiff filed a response to the order to show cause, in which he states that he is "dismissing SGT. Najm from this lawsuit since he is not the one who used excessive force." (Doc. 30.) Because the parties have not stipulated to the dismissal pursuant to Federal Rule of Civil Procedure 41, the Court construes Plaintiff's filing as a statement of non-opposition to Defendant's motion to dismiss. The Court also finds that Plaintiff's response is sufficient to warrant discharging the order to show cause.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks and citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

///

### III. DISCUSSION

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016). To establish excessive force under the Due Process Clause, a pretrial detainee must show that the defendant "purposely or knowingly used [force] against him [that] was objectively unreasonable."[1] *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

Defendant contends that Plaintiff fails to state a cognizable excessive force claim against him because he "fails to allege any facts that Sergeant Najm used *any* force, let alone excessive force …, or that Sergeant Najm caused him to be subjected to excessive force." (Doc. 28-1 at 3.)

In his operative, first amended complaint, Plaintiff alleges the following: "While being place[d] back into my cell (while handcuffed) by Senior Deputy P. Fowler, Sergeant Naajm [sic] and several other deputies, I was taken to the ground and punched twice by P. Fowler for no reason." (Doc. 20 at 3.)

Plaintiff's statement is ambiguous, i.e., it is unclear whether Sergeant Najm, Deputy Fowler, and/or the "other deputies" took Plaintiff to the ground, and whether such action is part of the excessive force claim of which he complains. Given the standard for Rule 12(b)(6) motions, as well as the liberal pleading standard for *pro se* plaintiffs, the Court would be inclined to interpret the statement as an allegation that Najm participated in the use of excessive force. However, because Plaintiff does not oppose Defendant's motion to dismiss and explicitly admits that "Najm … is not the one who used excessive force" (Doc. 30), the Court interprets the statement accordingly. Therefore, the Court recommends that Defendant's motion be granted.

### IV. CONCLUSION

Based on the foregoing, the Court RECOMMENDS that Defendant Najm's motion to dismiss (Doc. 28) be GRANTED and that he be DISMISSED from this action with prejudice. The Court additionally DISCHARGES its order to show cause (Doc. 29).

---

[1] It is unclear whether, at the times relevant to this lawsuit, Plaintiff was a pretrial detainee or instead serving a sentence for a criminal conviction. For purposes of this motion, the Court assumes the former.

3

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). <u>Within 14 days</u> of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 15, 2020**                    /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE