1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    GEORGE G. CHOATE,                          Case No. 1:19-cv-00473-NONE-SKO (PC)

12                    Plaintiff,                  **FINDINGS AND RECOMMENDATIONS**
                                                  **TO DISMISS ACTION FOR FAILURE TO**
13            v.                                  **PROSECUTE**

14    P. FOWLER,                                  14-DAY DEADLINE

15                    Defendant.

16

17           On May 7, 2021, the Court issued an order granting a motion to modify the Discovery and

18    Scheduling Order. (Doc. 42.) On May 19, 2021, the U.S. Postal Service returned the former order

19    as undeliverable. To date, Plaintiff has not updated his address with the Court.[1]

20           As explained in the Court's First Informational Order, parties appearing *pro se* must keep

21    the Court advised of their current address. (Doc. 3 at 5.) Pursuant to Local Rules, if mail directed

22    to a *pro se* plaintiff at his address of record is returned by the U.S. Postal Service, and the plaintiff

23    fails to update his address within 63 days thereafter, the Court may dismiss his action without

24    prejudice for failure to prosecute. Local Rule 183(b).

25           Local Rules also provide that "[f]ailure of counsel or of a party to comply with . . . any

26    order of the Court may be grounds for the imposition by the Court of any and all sanctions . . .

27    _____

28    [1] The U.S. Postal Service returned an order granting a second motion to modify the Discovery and Scheduling Order (Doc. 44) on June 28, 2021.

1   within the inherent power of the Court." Local Rule 110. "District courts have inherent power to

2   control their dockets" and, in exercising that power, may impose sanctions, including dismissal of

3   an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A

4   court may dismiss an action based on a party's failure to prosecute an action, obey a court order,

5   or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

6   (dismissal for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128,

7   130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,

8   779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local

9   rules).

10        Although more than 63 days have passed since the U.S. Postal Service returned the

11   Court's order (Doc. 42), Plaintiff has failed to notify the Court of his current address. It appears

12   that Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is

13   inconsequential. It is Plaintiff's responsibility to comply with Local Rules. The Court declines to

14   expend its limited resources on a case that Plaintiff has chosen to ignore.

15        Accordingly, the Court RECOMMENDS that this action be DISMISSED for failure to

16   prosecute. These Findings and Recommendations will be submitted to the United States District

17   Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of

18   service of these Findings and Recommendations, Plaintiff may file written objections with the

19   Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

20   Recommendations." Plaintiff's failure to file objections within the specified time may result in

21   waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

22   *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23

24   IT IS SO ORDERED.

25   Dated:   **August 12, 2021**                    */s/ Sheila K. Oberto*

26                                                        UNITED STATES MAGISTRATE JUDGE

27

28